UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles McDaniel, | ) C/A No. 9:16-0004-RMG-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Andrew Mansukhani, *Warden, FCI Estill*, | ) |
| | ) |
| Respondent. | ) |
| | ) |

The pro se Petitioner, Charles McDaniel, brings this application for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241. Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court,[1] 28 U.S.C. § 2254; the Anti-Terrorism and Effective Death Penalty Act of 1996; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However,

---



[1] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].

even when considered under this less stringent standard, for the reasons set forth hereinbelow the petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Serve., 901 F.2d 387 (4th Cir. 1990).

## Discussion

In this Petition, the Petitioner, an inmate at FCI-Estill, challenges a sentence enhancement pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). On December 14, 2010, a federal grand jury sitting in the United States District Court for the Middle District of Florida, Tampa Division, returned a one count indictment charging Petitioner with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Petitioner pled guilty to count one of the indictment pursuant to a written plea agreement on April 22, 2011, and on August 18, 2011, Petitioner was sentenced to 180 months imprisonment, 60 months of supervised release, and a $100 mandatory special assessment fee. Petitioner did not file a notice of appeal and did not file a motion pursuant to 28 U.S.C. § 2255.[2] Petition, ECF No. 1 at 1-4; Petitioner's Memorandum, ECF No. 1-1 at 2.

---

[2] Although this was the case at the time Petitioner filed this Petition, it may be that Petitioner is currently pursuing a § 2255 motion in the Middle District of Florida. The docket of Petitioner's criminal case in the Middle District of Florida, Tampa Division, indicates that a motion was filed requesting that the Federal Defender's Office represent Petitioner for purposes of seeking post-conviction relief and the motion was granted on April 19, 2016. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



2

Petitioner argues in this Petition that in light of Johnson v. United States, 135 S.Ct. 2551 (2015)[declaring the residual clause in the ACCA unconstitutionally vague], his sentencing enhancement under the ACCA is unconstitutional and must be vacated for sentencing without the ACCA enhancement. Specifically, he claims that in light of Johnson, some of his prior convictions no longer qualify as crimes of violence under the residual clause of 18 U.S.C. § 924(e). ECF No. 1 at 6, ECF No. 1-1 at 13. However, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255," not through a petition filed pursuant to § 2241. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)).

Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00–7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). The Fourth Circuit has set forth a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.



3

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

In this case, there is no plausible allegation that the savings clause permits Petitioner to bring his claims under § 2241. First, Petitioner never filed a § 2255 action with the sentencing court to permit it to review his claims for relief prior to filing this Petition. A prisoner in federal custody should first proceed with a § 2255 motion before attempting to satisfy the "savings clause." See Hernandez v. Drew, 371 F. App'x 991, 993 (11th Cir. Apr. 7, 2010)[noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition.]; Dinkins v. Thomas, No. 8:15-490-RMG, 2015 WL 1877434, at *4 (D.S.C. April 23, 2015); Hackett v. Atkinson, No. 9:13-1274-JFA-BM, 2013 WL 3972393, at *3 (D.S.C. July 31, 2013). Further, Petitioner cannot meet the second prong of In re Jones (that subsequent to his appeal and first § 2255 motion the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal) because he has not ever had a decision on a first § 2255 motion. Accordingly, Petitioner cannot demonstrate that relief under § 2255 is "inadequate or ineffective."[3]

However, rather than dismiss this case, the undersigned finds it to be in the interest of justice to recharacterize this § 2241 habeas petition as a motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375, 381 (2003) ["Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a

---

[3] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual [may now be] procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n. 5.



4

motion and recharacterize the motion in order to place it within a different legal category . . . . to avoid an unnecessary dismissal . . . ."]. Because the AEDPA's one-year statute of limitations in 28 U.S.C. § 2255(f)[4] may be an issue in this case, it is appropriate to recharacterize the Petition rather than dismiss it without prejudice because of the proximity of the running of the one-year time clock.[5] It is also noted that, to the extent that Johnson applies to the Petitioner,[6] it appears that the one-year period statute of limitations began on June 26, 2015, when the Supreme Court decided Johnson. See Dodd v. United States, 545 U.S. 353, 359 (2005)[holding that the § 2255(f)(3) limitation period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new

---

[4]The statute provides:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[5]As noted, Petitioner has apparently now filed a § 2255 action with the sentencing court. See, n. 2, supra. Even if the sentencing court ultimately determines that Petitioner's § 2255 action is time barred, the government may waive the statue of limitations or Petitioner may be able to establish that § 2255(f)(2)-(4) applies. See Miller v. United States, 735 F.3d 141 (4th Cir. 2013)[where a Petitioner filed his § 2255 Petition four years after his conviction, pursuant to Simmons because he did not have a qualifying predicate conviction, the government waived the statute of limitations].

[6]In issuing this recommendation, the undersigned makes no determination as to whether Petitioner is entitled to relief pursuant to Johnson.



5

right was "made retroactive[ ]".[7] If the Court accepts this recommendation and recharacterizes this action as a § 2255 petition, this Court should then transfer the motion to "the court which imposed the sentence . . . ." See 28 U.S.C. § 2255(a); 28 U.S.C. § 1631 [providing that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."]; see also Shaw v. United States, 417 F. App'x 311, 312 (4th Cir. 2011) [finding that instead of dismissing the § 2241 petition, the interest of justice required the district court to transfer it to the sentencing court because if a petitioner were to file a new § 2255 motion in that district the claims likely would be time-barred].

Finally, if this case is recharacterized as a § 2255 action, Petitioner is advised that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions set forth in 28 U.S.C. § 2255(h).[8] Hence, if Petitioner does not wish to proceed under § 2255, he may withdraw this Petition by informing the Court in writing of his intent to voluntarily dismiss this action. See Fed. R. Civ. P. 41(a)(1)[prior to the entry of an answer or motion for summary judgment by the opposing party, an action may be voluntarily dismissed by filing a notice of dismissal]. Alternatively, if Petitioner wishes to proceed under § 2255, he may seek leave to

---

[7]The Supreme Court recently held that the Johnson decision announced a substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S.Ct. 1257 (2016); see also In Re Robinson, __ F.3d __, No. 16-11304, 2016 WL 1583616, at *1 (11th Cir. Apr. 19, 2016).

[8]A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h).



6

amend the Petition so that it contains all of the § 2255 claims he wants to assert or seek to have it combined with his pending motion is the Middle District of Florida. See Castro, 540 U.S. at 383 [listing the notice requirements that must be provided to a petitioner prior to recharacterization]; United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008).

## RECOMMENDATION

Based on the foregoing, it is recommended that, after providing Petitioner with the proper notice and opportunity to respond as required by United States v. Castro, 540 U.S. 375 (2003), the Court recharacterize this § 2241 petition as a § 2255 case, and that this case be transferred to the United States District Court for Middle District of Florida for all further proceedings.[9]

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

May 3, 2016
Charleston, South Carolina

---

[9]As the Petitioner cites Johnson v. United States, 135 S.Ct. 2551 (2015) as the basis for his requested relief, pursuant to Standing Order No. 3:15-mc-325-TLW (D.S.C. Oct. 9,2015), the Clerk of Court is directed to send a copy of this Report and Recommendation to the Federal Public Defender for such evaluation and action as may be deemed appropriate by that office. See Standing Order No.3: 15-mc-325-TL W (D.S.C. Oct. 9, 2015)[authorizing the Federal Public Defender to contact and represent defendants impacted by the Supreme Court's decision in Johnson].

7

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

